United States District Court
Southern District of Texas
**ENTERED**
June 12, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOEL TEMBENG MUKONG, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:25-CV-05352 |
| | § | |
| MARTIN FRINK, *et al.*, | § | |
| | § | |
| Respondents. | § | |

## MEMORANDUM AND ORDER

The petitioner, Joel Tembeng Mukong, is currently in custody of the United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE") officials at the Houston Contract Detention Facility in Houston, Texas. Doc. No. 1. Mukong is represented by counsel and has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging his continued detention and the possibility of removal to a third country. *Id.* Respondents filed a motion to dismiss or, in the alternative, motion for summary judgment (Doc. No. 11), and the Petitioner filed a reply in opposition (Doc. No. 14). The Court has carefully considered the pleadings, submissions of the parties, and applicable law and **GRANTS** habeas relief for the reasons that follow.

1 / 10

## I.    BACKGROUND

Mukong is a citizen of Cameroon. Doc. No. 1 at 1.  According to his sworn declaration attached to his petition, Mukong entered the United States in 2016 on a nonimmigrant F-1 student visa. Doc. No. 1-1 at 2. In 2021, he was convicted of conspiracy to commit money laundering and was sentenced to 32 months in prison. *Id.* On December 20, 2024, he was issued a final order of removal. *Id.* He was subsequently granted withholding of removal to Cameroon under the Convention Against Torture ("CAT") on July 7, 2025. *Id.* at 3. Respondents did not appeal the withholding decision. Mukong has been in custody since December 2024. *Id.*

On September 13, 2025, ICE informed Mukong of its intention to remove him to a third country, and he cooperated with ICE and designated Canada, Australia, and South Africa as possible countries. *Id.* He reports that he has had no custody reviews since September 2025. *Id.* He claims that he has complied with efforts to effectuate his removal and that ICE has not asked him to take specific steps to obtain a travel document from a third country. Doc. No. 1 at 7. He further contends that his ongoing detention violates his due process rights because there is no likelihood of him being removed from the United States in the reasonably foreseeable future. *Id.* at 7-8.

Respondents move to dismiss or, in the alternative, for summary judgment, contending that Mukong is legally detained. Doc. No. 11. Respondents further argue that the detention should be tolled for the time that Mukong sought withholding of removal.

2 / 10

Respondents do not dispute that Mukong has complied with their requests and that no third country has agreed to accept his removal.

## II.    LEGAL STANDARDS

### A. 28 U.S.C. § 2241

Section 2241(c)(1) of Title 28 of the United States Code "applies to persons held 'in custody under or by color of the authority of the United States.'" *Munaf v. Geren*, 553 U.S. 674, 686 (2006) (citing § 2241(c)(1)). "An individual is held 'in custody' by the United States when the United States official charged with his detention has 'the power to produce' him." *Id.* (quoting *Wales v. Whitney,* 5 S. Ct. 1050, 1054 (1885); *see also* 28 U.S.C. § 2243 ("The writ . . . shall be directed to the person having custody of the person detained")).

Habeas corpus is available to a person challenging the legality of immigration-related detention. *Demore v. Kim*, 538 U.S. 510, 517 (2003); *Gudiel Polanco v. Garland*, 839 F. App'x 804, 805 (4th Cir. 2021) (holding that where the alien challenged his detention rather than any removal order, his challenge "must be brought pursuant to a habeas corpus petition" in district court). Courts retain jurisdiction to review an alien's detention "insofar as that detention presents constitutional issues, such as those raised in a habeas petition." *Oyelude v. Chertoff*, 125 F. App'x 543, 546 (5th Cir. 2005) (unpublished op.) (citation omitted). Where, as here, a habeas petition "'raises only issues of law, or questions regarding the legal implications of undisputed facts,'" a court need not hold a hearing to decide the case and grant habeas relief. *See Gomez Vallecios v. Noem*, No. EP-

25-CV-573-KC, 2025 WL 3853219, at *1 (W.D. Tex. Dec. 9, 2025) (quoting *Tijerina v. Thornburgh*, 884 F.2d 861, 866 (5th Cir. 1989) and concluding that the petition could be granted without a hearing because it presented questions of law and facts were resolved in favor of the respondents); *see also Alves da Silva v. U.S. Immigration and Customs Enforcement*, No. 25-CV-284-LM-TSM, 2025 WL 2778083, at *1 (D.N.H. Sept. 29, 2025) (noting that a "petition 'may be resolved on the merits without [an evidentiary] hearing when, as here, the material facts are not in dispute.'" (citation omitted)).

### B. **Summary Judgment**

To be entitled to summary judgment, the pleadings and summary judgment evidence must show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56. The moving party bears the burden of initially pointing out to the court the basis of the motion and identifying the portions of the record demonstrating the absence of a genuine issue for trial. *Duckett v. City of Cedar Park, Tex.*, 950 F.2d 272, 276 (5th Cir. 1992). Thereafter, "the burden shifts to the nonmoving party to show with 'significant probative evidence' that there exists a genuine issue of material fact." *Hamilton v. Seque Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (quoting *Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir. 1994)). "Because this case arises in a summary judgment posture, [the court] view[s] the facts in the light most favorable to [Petitioner], the nonmoving party." *Canady v. Davis*, 687 F. App'x 362, 365 (5th Cir. 2017) (quoting *City & County of San Francisco v. Sheehan*, 135 S. Ct. 1765, 1769 (2015)).

### III.    DISCUSSION

Mukong contends that his continued detention violates due process under *Zadvydas v. Davis*, 533 U.S. 678 (2001), because there is no significant likelihood that he will be removed in the reasonably foreseeable future.  He argues that he has shown good reason to believe that his removal is not likely to occur in the reasonably foreseeable future and that Respondents fail to rebut that showing.

The Due Process Clause of the Fifth Amendment to the United States Constitution provides that no person shall be "deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V.  In *Zadvydas*, the Supreme Court held that the INA does not authorize "indefinite, perhaps permanent, detention" of noncitizens subject to final orders of removal. 533 U.S. at 699. The Court explained that "[a] statute permitting indefinite detention of an alien would raise a serious constitutional problem" and that "[f]reedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Id.* (citing *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992)).

"When an alien has been found to be unlawfully present in the United States and a final order of removal has been entered, the Government ordinarily secures the alien's removal during a subsequent 90-day statutory 'removal period,' during which time the alien normally is held in custody." 533 U.S. at 682.  Inadmissible noncitizens or those with certain criminal convictions may be detained beyond the removal period, 8 U.S.C. § 1231(a)(6), but the statute "limits an alien's post-removal-period detention to a period

reasonably necessary to bring about that alien's removal from the United States," and "does not permit indefinite detention." *Zadvydas*, 533 U.S. at 689. The Court established a "6-month presumption" of reasonableness following the issuance of a removal order. *Id.* at 701.

After the six-month period of "presumptively reasonable" detention ends, a petitioner seeking release from detention must show there is "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.*; *see also Andrade v. Gonzales*, 459 F.3d 538, 543–44 (5th Cir. 2006) (denying a *Zadvydas* claim where petitioner offers "nothing beyond conclusory statements"). Once a petitioner meets this burden, the burden shifts to the respondents to "respond with evidence sufficient to rebut that showing." *Zadvydas*, 533 U.S. at 701.

Mukong has been in custody since December 19, 2024. He has been detained for 11 months past the time he was granted withholding of removal in July 2025. He has been detained for well over the six-month presumptively reasonable period set forth in *Zadvydas*, regardless of whether the detention was tolled during the seven months he pursued and obtained withholding of removal under the CAT. Among other things, Mukong argues that his detention is indefinite because he cannot be deported to Cameroon based on the withholding of removal, and Respondents have not identified any third country willing to accept his removal. The Court finds that Mukong has met his burden to show that there is good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.

First, it is undisputed that Respondents cannot remove Mukong to Cameroon because he has been granted withholding of removal. To the extent that Mukong has identified Canada, Australia, and South Africa as possible third countries, there is no indication that any of those countries will accept Mukong. Second, Mukong's uncontroverted facts show that he has complied with ICE, and ICE has identified no specific country that has indicated any willingness to accept his removal.

Courts have found that a petitioner meets his burden to show good reason where he alleges non-conclusory facts, *Andrade*, 459 F3d at 543-44; where he alleges that he received withholding of removal to his home country and that ICE had not identified a third country willing to accept him; or where he had a deferral and travel documents had not been secured from any third country. *See, e.g., Trejo v. Warden of ERO El Paso East Montana*, 807 F. Supp. 3d 697, 705-06 (W.D. Tex. 2025); *Baltodano v. Bondi*, 815 F. Supp. 3d 1191, 1198 (W.D. Wash. Dec. 4, 2025).

The Court finds that Mukong's allegations are not conclusory and instead specifically show that he has been granted withholding of removal and cannot be removed to his home country of Cameroon; Respondents have not identified a third country willing to accept him; and he has complied with everything that ICE asked of him. Mukong has met his burden under *Zadvydas* to show that there is good reason to believe that removal is not reasonably likely in the foreseeable future.

Because Petitioner has shown good reason, the burden then shifts to Respondents to "respond with evidence sufficient to rebut [a petitioner's] showing." *Zadvydas*, 533 U.S.

at 701. "[G]eneralized statements about removal efforts and averments of likelihood of removal alone are insufficient to satisfy respondents' evidentiary burden." *Chang v. Perez, et al.*, No. 5:25-cv-294, slip op. at 9 (S.D. Tex. Feb. 11, 2026) (citing *Zamanpour v. Perez*, No. 5:25-cv-224, slip op. at 16 (S.D. Tex. Dec. 24, 2025)); *see also Baltodano*, 815 F. Supp. 3d at 1198-99.

Respondents do not meet their burden to show that removal is likely anytime soon, let alone in the reasonably foreseeable future. They do not dispute that they cannot remove him to Cameroon, and they do not name any specific third countries to which they have made any inquiries. In their motion, Respondents make the conclusory allegation that he is a danger to the community, but this allegation is untethered to any evidence in the record that any immigration official made such a finding. Doc. No. 11 at 6; *see also* Doc. No. 12 (Sworn Declaration of Daniel Matthews). Respondents simply claim that they intend to keep detaining Mukong but do not allege that any third country has agreed to accept Petitioner's removal and fail to rebut Petitioner's showing of good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.

The Court finds that Petitioner's continued detention violates due process because there is no significant likelihood of removal in the reasonably foreseeable future. Accordingly, Mukong is entitled to relief on the indefinite detention claims in his petition for a writ of habeas corpus. Because the Court finds that there is no significant likelihood of removal in the reasonably foreseeable future, Mukong must be released. *Zadvydas*, 533 U.S. 701 (holding that a noncitizen "may be held in confinement until it has been

8 / 10

determined that there is no significant likelihood of removal in the reasonably foreseeable future"). The Court orders his release subject to the conditions set forth below.

## IV.    **CONCLUSION AND ORDER**

Based on the foregoing, the Court **ORDERS** as follows:

1. Respondents' Motion for Summary Judgment (Doc. No. 11) is **DENIED**.

2. Petitioner's Petition for a Writ of Habeas Corpus, (Doc. No. 1), is **GRANTED**.

3. All other pending motions, if any, are **DENIED as MOOT**.

4. Respondents must either remove Petitioner from the United States or release Petitioner by **July 10, 2026 at 5:00 p.m. in a public place agreed on by the parties**, under the same conditions that were in effect in his previous Order of Supervision. Respondents must notify his counsel of the exact time and location of release **at least four hours** before his release.

5. Petitioner shall not be re-detained without a showing that there has been a material change in circumstances, for example, a showing that Petitioner's documents are ready, that a third country has agreed to accept Petitioner, and that Petitioner has been provided notice of that third country and an opportunity to object to the third country removal.

6. The 5-day notice provision from the Court's Order entered on November 20, 2025, (Doc. No. 5), REMAINS IN EFFECT. The parties shall provide the Court with a status update concerning Petitioner's release by **July 13, 2026 at 5:00**

**p.m.**  The parties should also notify the Court of the conditions, if any, of his release.

7. By **July 17, 2026**, the parties shall file a joint status update and indicate whether this case may be closed.

**SO ORDERED.**

SIGNED on this _____ 12ᵗʰ _____ day of June 2026.

_____
ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE